In the

# United States Court of Appeals

### For the Seventh Circuit

No. 02-1803

BHUPENDRA BHATT,

*Petitioner-Appellant*,

*v.*

BOARD OF IMMIGRATION APPEALS,
U.S. IMMIGRATION & NATURALIZATION
SERVICE, and U.S. DEPARTMENT OF JUSTICE,

*Respondents-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 2929—**Joan Humphrey Lefkow**, *Judge.*

ARGUED OCTOBER 30, 2002—DECIDED MAY 12, 2003

Before FLAUM, *Chief Judge*, and BAUER and DIANE P. WOOD, *Circuit Judges.*

BAUER, *Circuit Judge.* After the Board of Immigration Appeals ("BIA") dismissed as untimely Petitioner-Appellant Bhupendra Bhatt's motion to reconsider its order affirming his deportation, Bhatt petitioned the district court for an order in the nature of mandamus compelling the BIA to hear his motion to reconsider. Respondents-Appellees, the BIA, the United States Immigration and Naturalization Service ("INS"), and the United States Department of Justice ("DOJ") (collectively, "Respondents") moved for dismissal of the mandamus application

for want of jurisdiction.[1] The district court exercised jurisdiction and dismissed the action on the merits. Because we conclude that the district court lacked jurisdiction, we remand the case to the district court with instructions to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

Bhatt, a native citizen of India, received a hearing before the INS after he applied for political asylum in the United States in February 1998. In January 1999, his asylum application was denied and he was ordered deported to India. Bhatt timely appealed. On January 22, 2001, the BIA affirmed the removal order and mailed Bhatt a copy of its decision and, on February 23, 2001, Bhatt mailed to the BIA a motion to reconsider. Because Bhatt failed to file the motion to reconsider within thirty days of the January 22, 2001, date of decision, as required under Title VIII of the Code of Federal Regulations, the BIA declined to reconsider. 8 C.F.R. § 1003.2(b)(2).

Bhatt subsequently brought an action in the nature of mandamus in the district court seeking to compel the BIA to reconsider its decision. Bhatt argued that the BIA should have accepted his motion as timely under a more liberal construction of the provision requiring that motions to reconsider be filed with the BIA within thirty days. Respondents countered that the district court lacked

---

[1] We note that, with the passage on November 25, 2002, of the Homeland Security Act, the BIA and other enforcement and investigative components of the now defunct INS were incorporated into the newly created Bureau of Citizenship and Immigration Services under the authority of the Department of Homeland Security; however, the transition is of little practical import to our disposition of the matter.

jurisdiction to review the BIA's refusal to reconsider. The district court exercised jurisdiction, found that the BIA correctly interpreted the thirty day provision of 8 C.F.R. § 1003.2(b)(2), and that, consequently, Bhatt was not entitled to mandamus relief. This appeal ensued.

## ANALYSIS

As a preliminary matter, we note that subject matter jurisdiction must exist at every level of federal court proceedings. *See, e.g.*, *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). This Court has jurisdiction to review BIA actions pursuant to 8 U.S.C. § 1252, which requires an alien to seek review of a final removal order in the court of appeals.[2] That section further provides as follows:

---

[2] Relevant provisions of § 1252 include the following:

§ 1252. Judicial review of orders of removal

(b) Requirements for review of orders of removal. With respect to review of an order of removal under subsection (a)(1), the following requirements apply . . . .

(2) Venue and forms. The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings . . . .

(9) Consolidation of questions for judicial review. Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section . . . .

8 U.S.C. § 1252.

> Exclusive jurisdiction. Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this act.

8 U.S.C. 1252(g). Thus, to the limited extent that judicial review of BIA determinations is available, it must be sought not in the district court, but rather in this Court. *Sharif v. Ashcroft*, 280 F.3d 786 (7th Cir. 2002) (holding that "a district court lacks jurisdiction to compel the Attorney General," or the BIA, for that matter, "to initiate or resolve proceedings that would lead to relief from removal").

Bhatt cites 28 U.S.C. § 1361 as the basis for district court jurisdiction, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." For all practical purposes, however, Bhatt's mandamus action to compel the BIA to reconsider its decision is no different from an appeal from the BIA's decision to adjudicate—or, in this case, *not* to adjudicate—his motion to reconsider. *See, e.g.*, *Chapinski v. Ziglar*, 278 F.3d 718 (7th Cir. 2002) (noting that where "judicial review of a decision to commence proceedings is barred, it follows that section 1252(g) also precludes judicial review of the Attorney General's decision *not* to commence removal proceedings" (emphasis added)). As this Court recently noted in *Gomez-Chavez v. Perryman*, 308 F.3d 796 (7th Cir. 2002), Bhatt "may not avoid the § 1252(g) bar by the simple expedient of recharacterizing a claim as one challenging a refusal to act." Nor may he avoid § 1252's grant of

exclusive jurisdiction to this Court.[3]

## CONCLUSION

Because the district court lacked jurisdiction to hear Bhatt's petition for an action in the nature of mandamus, the case is REMANDED to the district court with instructions to dismiss for want of jurisdiction.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

[3] Although the district court lacked jurisdiction to hear his action in the nature of mandamus, Bhatt is not wholly without a forum in which to seek relief. He might properly challenge the BIA's rejection of his motion to reconsider as untimely as part of any appeal before this Court from the BIA's affirmance of his final removal order, as § 1252(b)(9)'s consolidation provision requires. 8 U.S.C. § 1252(b)(9).