In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3054

DOROTHY J. EVANS, *et al.*, individually and as Personal Representative of the Estate of William Louis Evans, Jr., deceased,

*Plaintiffs-Appellants*,

*v.*

GREENFIELD BANKING COMPANY and JOANA SPRINGMIER,

*Defendants-Appellees*,

and

ROBERT A. MCDONALD,* Secretary of Veterans Affairs,

*Party-in-Interest*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 12 CV 01569 — **Tanya Walton Pratt**, *Judge*.

ARGUED APRIL 15, 2014 — DECIDED DECEMBER 22, 2014

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), we have substituted Robert A. McDonald for Eric K. Shinseki as the named party-in-interest.

————————————

Before RIPPLE and WILLIAMS, *Circuit Judges*, and ST. EVE, *District Judge*.[**]

WILLIAMS, *Circuit Judge*. After the United States Department of Veterans Affairs determined William L. Evans, Jr. was no longer competent to manage his veterans' benefits, it appointed his daughter as the federal fiduciary. The VA later terminated her appointment and appointed the Greenfield Banking Company. Evans's wife and daughter filed this suit asserting breach of fiduciary duty and conversion by the Bank. They also seek the creation of a constructive trust. The complaint alleges that the Bank complied with the terms of its obligations to the VA as federal fiduciary but that doing so meant it breached its fiduciary duty to Evans. The complaint does not make any allegations of misuse of funds, mismanagement depriving him of the use of any funds, embezzlement, or the like. We conclude that the district court properly dismissed this case for lack of jurisdiction because the allegations made in the complaint are outside the scope of state court review, and therefore ours as well. We affirm.

## I. BACKGROUND

Because this is an appeal from the grant of a motion to dismiss, we take the narrative that follows from the allegations in the complaint and draw all reasonable inferences in it in the plaintiffs' favor. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Evans was a United States military veteran who received approximately $3,900 each month in bene-

---

[**]Of the Northern District of Illinois, sitting by designation.

fits from the VA. In July 2009, the VA determined that Evans was no longer competent to manage his VA benefits and appointed Carolyn Stump, Evans's daughter, as his "federal fiduciary" to manage his VA benefits. The VA terminated Stump's federal fiduciary appointment in early October 2010, and, on October 7, 2010, appointed the Bank as Evans's federal fiduciary. Stump had not known that the Bank would be appointed.

In the meantime, Stump had requested and received an Indiana state-court order on October 1, 2010 appointing her as Evans's permanent guardian. She had already been his attorney-in-fact since 2005 pursuant to a Durable Power of Attorney. Although Stump was no longer Evans's federal fiduciary in November and December 2010, she made expenditures on his behalf in those months. The Bank requested VA approval in January 2011 to reimburse Stump for expenditures she made on behalf of Evans in November and December 2010, but the complaint alleges that Stump was not fully reimbursed.

On October 13, 2011, Evans's wife and daughter filed a complaint in Indiana state court against the Bank and one of its employees with counts alleging breach of fiduciary duty and conversion, and another seeking a constructive trust. The complaint alleged among other things that the Bank had breached its fiduciary duty to Evans or succumbed to a conflict of interest by complying with the terms of its federal fiduciary agreement with the VA. The Secretary of Veterans Affairs moved to intervene as a party in interest and filed a motion to dismiss the state court action for lack of jurisdiction or in the alternative to stay the action pending resolu-

tion of Stump's case that was then pending in the United States Court of Appeals for the Federal Circuit.[1]

In October 2012, the plaintiffs filed an "Emergency Motion for Hearing to Appoint a Replacement Fiduciary" which stated in part that "[t]he underlying conflict concerned whether [the Bank] and the VA's actions were consistent with the law." Six days later, the Secretary removed the case to federal district court, noting that prior to the emergency motion the plaintiffs had repeatedly asserted they were not pursuing claims against the VA in the case. The Secretary then filed in federal court its pending motion to dismiss for lack of jurisdiction or in the alternative to stay.

The Bank resigned as federal fiduciary for Evans's VA benefits in April 2012, and an attorney was appointed as the replacement fiduciary. Evans passed away on December 23, 2012. Stump was appointed the personal representative of Evans's estate and continued the litigation on the estate's behalf. The district court granted the motions to dismiss without prejudice, ruling that it lacked jurisdiction to decide the

---

[1] In May 2011, Stump had sought a writ of mandamus from the United States Court of Appeals for Veterans Claims for reasons including the VA's alleged refusal to reimburse Stump for expenses incurred and for its refusal to acknowledge her authority as attorney-in-fact and guardian. The Veterans Court rejected Stump's request. She then appealed to the United States Court of Appeals for the Federal Circuit. In January 2013, the Federal Circuit ruled that mandamus relief was not warranted and directed the Evans family to seek relief regarding the Secretary's appointment of the Bank as federal fiduciary before the Board of Veterans Appeals. The action before the Board ended due to Evans's death in December 2012.

claims in the complaint because the plaintiffs had not exhausted their administrative remedies.

## II. ANALYSIS

The question on appeal is whether the district court properly dismissed this case for lack of jurisdiction. The plaintiffs maintain that their claims for breach of fiduciary duty, conversion, and constructive trust are state-law claims cognizable in Indiana state court and therefore in the federal district court on removal. The Bank and VA, on the other hand, contend that the allegations the plaintiffs make in their complaint demonstrate that the state court, and as a result the federal district court on removal, lacked jurisdiction over this case. [2] We review the grant of a motion to dismiss de

---

[2]The plaintiffs also suggest on appeal that this case should not be in federal court because, they say, the Secretary's removal hinged on the plaintiffs' motion to the state court for the appointment of a successor fiduciary, an issue they argue was made moot by the appointment of such a fiduciary and Evans's later passing. First, the plaintiffs' Emergency Motion asserted that "the underlying conflict in this case has to do with whether Greenfield Banking Company and the VA's actions were consistent with the law" and requested mandamus relief from the state court ordering the Secretary to release certain funds or make VA payments directly to certain individuals. The Secretary invoked 28 U.S.C. § 1442(a), the federal officer and agency removal statute, and removed based on those assertions, which were not dependent upon the appointment of a successor fiduciary. Next, to the extent the plaintiffs contend that removal was untimely, the plaintiffs' failure to challenge removal in the district court precludes them from doing so for the first time in their appellate brief. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal …."). No such motion was made here, and it is too late for a first-time challenge to

(continued …)

novo, accepting all of the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiffs' favor. *Chasensky v. Walker*, 740 F.3d 1088, 1093 (7th Cir. 2014).

But first we must discuss what this case does not involve. This case does not present the broad question of whether there can ever be a state-law cause of action for breach of fiduciary duty against one who is a "federal fiduciary" for purposes of veterans' benefits. The complaint here does not allege, for example, that the federal fiduciary mismanaged how Evans's funds were used for him or that the fiduciary misappropriated or embezzled his funds. Our case also does not involve any allegation that the Bank was appointed a fiduciary or guardian by the state court, and it is not a case where the plaintiffs have identified any source of state court authority over a fiduciary relationship between the Bank and

---

(…continued)

a statutory defect in removal. *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 625-26 (7th Cir. 2013).

In addition, although § 1442(a) allows for federal officer or agency removal, "it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal." *Arizona v. Manypenny*, 451 U.S. 232, 243 n.17 (1981). (This is true even in cases where the federal district court would have had jurisdiction if the suit had originally been brought there. *Id.*) That is, "[t]he jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court." *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994). That brings us, then, to our question of whether the Indiana state court had jurisdiction over the allegations in the complaint.

Evans. Rather, this case involves a complaint which alleges that the Bank breached its fiduciary duties by complying with the terms of its federal fiduciary agreement with the VA. Our question is a narrow one, limited by the specific allegations made in this complaint.

Congress has given the Secretary of Veterans Affairs the power to appoint a fiduciary to receive and disburse a beneficiary's VA benefits:

> Where it appears to the Secretary that the interest of the beneficiary would be served thereby, payment of benefits under any law administered by the Secretary may be made directly to the beneficiary or to a relative or some other fiduciary for the use and benefit of the beneficiary, regardless of any legal disability on the part of the beneficiary….

38 U.S.C. § 5502(a)(1). The implementing regulations provide that payment of benefits to a duly recognized fiduciary may be made on behalf of a person who is mentally incompetent. 38 C.F.R. § 13.59(a). The VA is authorized to "select and appoint (or in the case of a court-appointed fiduciary, to recommend for appointment) the person or legal entity best suited to receive Department of Veterans Affairs benefits in a fiduciary capacity for a beneficiary who is mentally ill (incompetent) or under legal disability by reason of minority or court action, and beneficiary's dependents." 38 C.F.R. § 13.55(a).

Congress also provides the Secretary with authority for supervising fiduciaries:

Whenever it appears that any fiduciary, in the opinion of the Secretary, is not properly executing or has not properly executed the duties of the trust of such fiduciary or has collected or paid, or is attempting to collect or pay, fees, commissions, or allowances that are inequitable or in excess of those allowed by law for the duties performed or expenses incurred, or has failed to make such payments as may be necessary for the benefit of the ward or the dependents of the ward, then the Secretary may appear … in the court which has appointed such fiduciary, or in any court having original, concurrent, or appellate jurisdiction over said cause, and make proper presentation of such matters. The Secretary … may suspend payments to any such fiduciary who shall neglect or refuse, after reasonable notice, to render an account to the Secretary … or who shall neglect or refuse to administer the estate according to law.… The Secretary may appear or intervene … in any court as an interested party in any litigation instituted by the Secretary or otherwise, directly affecting money paid to such fiduciary under this section.

38 U.S.C. § 5502(b). The implementing regulations for § 5502(b) found in 38 C.F.R. § 13.100 are entitled "Supervision of fiduciaries" and further discuss the Secretary's authority to supervise the fiduciaries he appoints. When the Secretary deems it necessary to protect the beneficiary's interests, the Secretary may require a fiduciary to provide an accounting, 38 C.F.R. § 13.100(a)(1), or may terminate the appointment of a fiduciary and appoint a successor fiduciary, *id.* § 13.100(a)(2). If the federal fiduciary has "failed to

use Department of Veterans Affairs funds for the benefit of the beneficiary or the beneficiary's dependents" or "has otherwise failed or neglected to properly execute the duties of his or her trust," and informal efforts to correct the situation prove unsuccessful, then the matter will be referred to the Regional Counsel. *Id.* § 13.100(c). The VA's "supervisory authority [ ] includes the ability to investigate claims of malfeasance and to take appropriate action." *Gossett v. Czech*, 581 F.3d 891, 899 (9th Cir. 2009) (citing 38 U.S.C. § 5502(b); 38 C.F.R. § 13.100).

Another statute, the Veterans Judicial Review Act ("VJRA") of 1988, creates a remedial scheme regarding benefit determinations. "Congress has made clear that the VA is not an ordinary agency," and the VJRA reflects that. *Shinseki v. Sanders*, 556 U.S. 396, 412 (2009). The VA's adjudicatory "process is designed to function throughout with a high degree of informality and solicitude for the claimant." *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1200 (2011) (quotation omitted). In fact, the VA has a statutory duty to help the veteran develop his or her benefits claim. *Sanders*, 556 U.S. at 412; *see* 38 U.S.C. § 5103A(1) (requiring Secretary to make "reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit").

The relevant part of the VJRA for our case concerns review of decisions, and it provides in relevant part:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the de-

cision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a). Subsection (b) provides an exception to the prohibition against judicial review in (a): certain of the Secretary's decisions may be appealed to the Board of Veterans' Appeals, 38 U.S.C. § 7104, and then reviewed exclusively by the United States Court of Appeals for Veterans Claims ("Veterans Court"), 38 U.S.C. § 7252, and from there only by the United States Court of Appeals for the Federal Circuit, 38 U.S.C. § 7292. The Supreme Court recognized in 2011 that Veterans Court's statistics reflect that the Veterans Court had ordered some form of relief in about 79 percent of its "merits decisions" in the previous decade. *Henderson*, 131 S. Ct. at 1201.

The Veterans Court has held that administrative actions taken pursuant to § 5502 are subject to review through the application of 38 U.S.C. §§ 511(a) and 7104, that is, judicial review is exclusively by the Veterans Court and then the Federal Circuit. *Freeman v. Shinseki*, 24 Vet. App. 404, 413 (Vet. App. Ct. 2011) (per curiam); *see also Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1016 (9th Cir. 2012) (en banc) ("We conclude that we lack jurisdiction to afford such relief because Congress, in its discretion, has elected to place judicial review of claims related to the provision of veterans' benefits beyond our reach and within the exclusive purview of the United States Court of Appeals for Veterans Claims and the Court of Appeals for the Federal Circuit."); *id.* at 1025 ("This preclusion extends not only to cases where adju-

dicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases.")

The Bank and VA maintain that jurisdiction over the allegations in the plaintiffs' complaint lies solely in the Veterans Court and that the plaintiffs failed to exhaust their administrative remedies. The VA also argues that with respect to the claims against it, Congress has not waived the sovereign immunity of the United States to allow review of the claims the plaintiffs bring against it. The plaintiffs argue that they do not challenge the manner in which the Bank handled Evans's benefits and do not challenge the VA's appointment of the Bank as fiduciary, and so their suit does not fall within the veterans' benefits adjudicatory scheme established by Congress.

But the allegations the plaintiffs brought in this complaint all concern the discretion of the Secretary to designate, supervise, and remove a federal fiduciary. The complaint makes allegations regarding whether the Bank was a proper federal fiduciary and alleges that it was without authority to administer veteran's benefits for Evans. *See, e.g.,* ¶ 17 ("The rights conveyed to Ms. Stump by both the October 2005 Durable Power of Attorney and the October 1, 2010, Order, were trampled when [the Bank] exerted control over Mr. Evans's funds."), *id.* ("GBC did not conduct any investigation or due diligence regarding the existence of any Power of Attorney or Guardianship appointments before accepting the federal fiduciary appointment"). The plaintiffs also allege that the Bank failed to provide the plaintiffs with the legal basis for holding itself out as Evans's fiduciary in light of

Stump's status as his guardian and attorney-in-fact. ¶ 38
("Even if initial receipt of Mr. Evans's funds was free from
wrongdoing, [the Bank]'s refusal to determine whether it
had authority after notice from Plaintiffs of the Power of At-
torney and Guardianship was a breach of GBC's fiduciary
duties and was wrongful and thus constitutes conversion of
Mr. Evans's assets.").

Yet the only way to challenge the VA's decision to appoint
the Bank as federal fiduciary is through the mechanism set
up by Congress, a mechanism that does not allow for review
by the state court or a federal court in our circuit. The Secre-
tary made the decision to appoint the Bank as federal fiduci-
ary. Any court ruling on the propriety of that appointment
would implicate the Secretary's authority under 38 U.S.C.
§ 5502; *Freeman*, 24 Vet. App. at 413 (appointing a federal fi-
duciary affects the provision of benefits under § 5502). In-
deed, the plaintiffs had already taken the statutorily pre-
scribed route to challenge the Bank's appointment as fiduci-
ary in litigation before the Veterans Court and Federal Cir-
cuit, though their mandamus action was unsuccessful. Their
arguments there included that the Secretary had unlawfully
refused to recognize Stump's authority as attorney-in-fact
and guardian.

The plaintiffs also allege as misconduct in their complaint
that the terms of the Bank's appointment as federal fiduciary
were unfair. *See* ¶ 18 ("[T]he terms of GBC's appointment
leave little, if any discretion with GBC regarding manage-
ment of Mr. Evans's funds."). They allege that the Bank was
wrong to act at the VA's direction and without independent
discretion. *See* ¶ 31 ("Defendants have failed to exercise any
independent discretion to do what is best for Mr. Evans, but

instead have acted only when VA allows them to do so."); ¶ 33 (The Bank "compromis[ed] the fiduciary relationship by placing [its] self-interest in meeting the VA's demands over the best interests of Mr. Evans."). The complaint asserts that the Bank followed the VA's instructions, but that doing so was improper, and that it declined to release funds to the plaintiffs without the VA's approval. ¶¶ 30; 38-41.

In short, the allegations in this complaint are that the Bank breached its fiduciary duty to Evans in managing his benefits by *complying* with its obligations as a federal fiduciary with the VA. Decisions by the Secretary under 38 U.S.C. § 502, including the appointment and supervision of fiduciaries, are matters "affect[ing] the provision of benefits." *See* 38 U.S.C. § 511(a); *Freeman*, 24 Vet. App. at 413-14. As a result, they are subject to review only by the Board of Veterans' Appeals and ultimately by the Veterans Court and Federal Circuit. *See* 38 U.S.C. § 511(a). The complaint acknowledges, and alleges as misconduct, that the Bank complied with its agreement with the VA and followed the Secretary's directions. The way this complaint is pled demonstrates that the relief sought against the Bank impermissibly intrudes on the Secretary's discretion under 38 U.S.C. § 5502(a)(1) and 38 C.F.R. § 13.55(a) to designate, supervise, and remove a federal fiduciary.

The plaintiffs complain that if this case is dismissed they will be left without a remedy. But our decision does not mean federal fiduciaries are left unchecked. The federal regulations provide that when a federal fiduciary fails to use VA funds for the fiduciary's benefit, the case can be referred to the Regional Counsel, 38 C.F.R. § 13.100(c), and if the matter is criminal also to the United States Attorney, 38 C.F.R.

§ 38.100(d). Complaints may also be submitted to the VA Office of Inspector General. *See* 5 U.S.C. App. 3 §§ 2, 4. And we again emphasize that our decision is a narrow one. The government is clear that it is not arguing that a state-law breach of fiduciary claim could never be brought against a federal fiduciary. This case does not raise claims that the fiduciary embezzled or mismanaged or misused funds, for example. The government acknowledges such scenarios may give rise to state-law causes of action against the fiduciary reviewable in state court (or federal court if diversity jurisdiction is present). Nor does our decision mean that a fiduciary could assert compliance with its obligations as a defense to try to keep the case out of state court. The complaint here, though, does not even allege that the fiduciary acted in a way other than in accordance with its obligations to the Secretary and it also does not challenge any of the governing statutes or regulations.

The plaintiffs' citation to a line in *Hardcastle v. Shinseki*, No. 12-1867 (Vet. App. July 17, 2012) (unpublished), does not result in a contrary result. It is a nonprecedential decision, and the rules of the United States Court of Appeals for Veterans Claims provide: "A party, intervenor, or amicus curiae may not cite as precedent any action designated as nonprecedential by the Court or any other court, or that was withdrawn after having been published in a reporter, except when the cited action has binding or preclusive effect in the case on appeal (such as via the application of the law-of-the-case doctrine)." Vet. App. R. 30(a). Federal Rule of Appellate Procedure 32.1 does provide that a court may not prohibit or restrict the citation of federal judicial opinions designated as non-precedential or the like that were issued after January 1, 2007. But while Federal Rule of Appellate Procedure 1 states

that the rules "govern procedure in the United States courts of appeals," the Federal Circuit has explained that the Federal Rules of Appellate Procedure govern appeals from Article III district courts and do not apply in the Court of Appeals for Veterans Claims, an Article I court which prescribes its own rules. *Bailey v. West*, 160 F.3d 1360, 1367 (Fed. Cir. 1998) (en banc) (overruled on other grounds). In any event nothing in the cursory *Hardcastle* decision indicates what court would be "a court of competent jurisdiction" for a breach of fiduciary duty claim against a federal fiduciary. Furthermore, a lack of remedy does not allow us to exercise jurisdiction where there is none. *Paige v. Cisneros*, 91 F.3d 40, 42-43 (7th Cir. 1996) (dismissing claim for lack of jurisdiction because Congress gave exclusive jurisdiction over civil service personnel disputes to Merit Systems Protection Board even if that meant plaintiff's action was not reviewable in any court or administrative tribunal because he did not qualify for Board review).

At bottom, this case is essentially an end-run around exclusive jurisdiction that lies elsewhere for challenges to Secretary decisions. Creative pleading does not create jurisdiction. *Cf. Bhatt v. Bd. of Immigration Appeals*, 328 F.3d 912, 914-15 (7th Cir. 2003) (directing dismissal for lack of jurisdiction where plaintiff recharacterized district court claim to avoid grant of exclusive jurisdiction to court of appeals). For example, § 511(a) does not apply to suits challenging the constitutionality of the statutes underlying veterans benefits programs, so federal district courts have jurisdiction over such claims. *Johnson v. Robison*, 415 U.S. 361, 367-74 (1974). But "courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms," and so the Second Circuit

affirmed the dismissal for lack of jurisdiction of a complaint invoking the Fifth Amendment and styled in part as a constitutional action that was really a challenge to a benefits determination and therefore barred from review by § 511(a). *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994); *see also Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1439 (7th Cir. 1996).

The complaint here is really a challenge to a federal fiduciary appointment and to veteran benefits distribution and as such, we lack jurisdiction over it. Decisions made by the Secretary regarding benefits about which the plaintiffs take issue can be challenged in accordance with the statutorily prescribed process. Indeed, the plaintiffs did just that in the Veterans Court and Federal Circuit, and now recast allegations made against the Secretary as allegations against the Bank. The district court was right to grant the motion to dismiss the case. This conclusion makes it unnecessary for us to address the Secretary's sovereign immunity argument.

### III. CONCLUSION

The judgment of the district court is AFFIRMED.