RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0134p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

IN RE: ESTATE OF JERRY WEST, Deceased,
          *Plaintiff-Appellee/Cross-Appellant*,

*v.*

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,
          *Defendant-Appellant/Cross-Appellee*.

> Nos. 16-6252/6360

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:16-cv-00166—Thomas B. Russell, District Judge.

Argued: January 30, 2018

Decided and Filed: July 10, 2018

Before: BOGGS, CLAY, and KETHLEDGE, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Lowell V. Sturgill, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant/Cross-Appellee. Jason T. Hardin, HARDIN LAW, PLLC, Louisville, Kentucky, for Appellee/Cross-Appellant. **ON BRIEF:** Lowell V. Sturgill, Jr., Charles Scarborough, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant/Cross-Appellee. Jason T. Hardin, HARDIN LAW, PLLC, Louisville, Kentucky, J. Allan Cobb, COBB LAW PLLC, Louisville, Kentucky, for Appellee/Cross-Appellant.

      KETHLEDGE, J., delivered the opinion of the court in which BOGGS, J., joined. CLAY, J. (pp. 7–8), delivered a separate dissenting opinion.

---

**OPINION**

---

KETHLEDGE, Circuit Judge.   The Department of Veterans Affairs and the Estate of Jerry West, a Vietnam veteran, dispute whether certain benefits owed to West at the time of his death should be paid to the Estate.   The district court remanded that dispute to Kentucky probate court, but the government contends the dispute can be litigated only pursuant to the procedure set forth in the Veterans' Judicial Review Act.   We agree with the government and reverse the district court's remand order, albeit with some concerns about the government's expropriation of the Estate's funds without any advance notice or process.

I.

Jerry West was an Army veteran who served in Vietnam during the early 1970s.   In June 2013, he applied to the VA for disability benefits.   On November 26, 2013, the VA determined that West was eligible for a disability pension.   But two days later West died.   Four days after that—without knowing that West had died—the government sent West a check for $8,660, which was the amount of his pension benefit retroactive to June 2013.

In March 2014, a Kentucky probate court appointed West's ex-wife, Brenda West, as the Executor of his estate.   In that capacity, Brenda endorsed the VA check—which was the Estate's only cash asset—and deposited the $8,660 into an escrow account for the Estate.

There the funds sat for the next three months, until the VA determined that West's estate was not entitled to the benefits owed to him at the time of his death.   *See* 38 U.S.C. § 5121(a).   The government directed the Estate's bank to wire the $8,660 back to the United States Treasury, which the bank did on June 10, 2014.   The Estate itself did not learn until several days later—when it received a letter from the bank—that its account had been drained of funds.

More than eighteen months later, the Estate moved in the Kentucky probate court for an order requiring the government to return the funds.   The probate court granted the motion.   The government then removed the matter to the district court.   *See* 28 U.S.C. § 1442(a).   The Estate

filed a motion to remand back to the probate court, which the district court granted on the ground that the $8,660 was already subject to the probate court's jurisdiction.  The Estate later filed a motion for attorneys' fees, which the court denied.  The parties then brought these appeals.

II.

As an initial matter, the Estate argues that we lack jurisdiction over the government's appeal of the district court's order remanding this matter to the probate court.  A remand order generally is not appealable.  *See* 28 U.S.C. § 1447(d).  But that same provision expressly allows us to review orders to remand in cases "removed pursuant to section 1442[.]"  *Id*.  The government removed this case under § 1442, so we have jurisdiction here.

We review the district court's remand order de novo.  *See Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017).

A.

The government argues that the district court should have dismissed this case rather than remanded it.  Specifically, the government says that the Estate's entitlement to the $8,660 is reviewable only pursuant to the process described in the Veterans' Judicial Review Act ("Review Act" or "Act"), 102 Stat 4105 (1988).  That process begins with a decision by the Secretary of Veterans Affairs as to whether a veteran or his "dependents or survivors" are entitled to benefits.  38 U.S.C. § 511(a).  A veteran may appeal that decision to the Board of Veterans' Appeals, a body within the VA.  *Id*. § 7104(a).  From there a veteran may appeal to an Article I court, namely the Court of Appeals for Veterans Claims.  *Id*. §§ 7252, 7261.  That court's legal (but not factual) determinations are then subject to review by an Article III court, namely the Federal Circuit, whose decision is subject to discretionary review by the Supreme Court.  *Id*. § 7292(a), (c).  Apart from this review process (and subject to three exceptions not relevant here), the Secretary's determination as to benefits "may not be reviewed by any other official or by any court[.]"  *Id*. § 511(a).

The Secretary's determination here was that West's estate was not entitled to the benefits owed to him at the time of his death.  *See id.* § 5121(a)(2)(B).  (Apparently the Secretary thinks

that West's daughter was entitled to the benefits.)  That determination was one "affect[ing] the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans[,]" and thus reviewable only under the regime described above.  *Id*. § 511(a); *see also Beamon v. Brown*, 125 F.3d 965, 971 (6th Cir. 1997).  Neither the district court nor the Kentucky probate court is part of that regime, so the district court should have dismissed the case on jurisdictional grounds.

The district court instead remanded the case under the so-called "probate exception" to federal-court jurisdiction—a hoary, judge-made rule under which a federal court declines to exercise jurisdiction over an asset (*i.e.*, a *res*) that is also subject to the jurisdiction of a state probate court.  *See Marshall v. Marshall*, 547 U.S. 293, 299, 311 (2006).  The doctrine thus avoids dueling state and federal "jurisdiction over the same *res*."  *Id.* at 311.  But here the Kentucky court lost jurisdiction over the question presented (*i.e.*, whether the Estate was entitled to the $8,660) immediately upon the government's removal of the case.  *See* 28 U.S.C. § 1446(d) (providing that, upon removal, "the State court shall proceed no further unless and until the case is remanded").  Hence there was no dueling jurisdiction to prevent.  Rather than remand the case, therefore, the district court should have bowed out—by means of a dismissal on jurisdictional grounds—to allow the Estate to challenge the Secretary's determination, if the Estate so chose, under the exclusive process set forth in the Review Act.

B.

That leaves the Estate's argument that the government violated the Fifth Amendment's guarantee of procedural due process when the government took $8,660 from the Estate's bank account without any advance notice or hearing for the Estate.  Although the government seems to take for granted the constitutionality of that action, we do not.  "The point is straightforward:  the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures."  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).  Property, for purposes of this guarantee, is "defined by existing rules or understandings that stem from an independent source such as state law[.]"  *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).  It is at least plausible, to understate matters, that a person (or an Estate) with a bank account has a property interest in the

funds therein. *See, e.g., Barnhill v. Johnson*, 503 U.S. 393, 398 (1992). That is why one typically needs a court order to seize or otherwise attach funds in a bank account belonging to someone else.

Yet in this case the Treasury Department—pursuant to its "reclamation" authority, *see* 31 U.S.C. § 3712—seized the $8,660 from the Estate's account without advance notice or process of any kind. Indeed, at oral argument, the government appeared to contend that it can take any amount, from anyone's bank account, anytime it thinks the account holder owes the government money—again without advance notice or process of any kind. Oral Arg. at 8:59. The government holds that position despite its concession that, in cases where the government uses this procedure, the Treasury Department proximately causes the bank to wire the account holder's funds to the government. Oral Arg. at 12:31; *see generally, e.g., Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 784 (6th Cir. 2007) ("The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state" (internal quotation marks omitted)). In fact, sometimes a citizen's first notice that the government has used this procedure is that her checks begin to bounce. *See, e.g., Breault v. Heckler*, 763 F.2d 62, 63 (2d Cir. 1985) (the government debited the account of the plaintiff, "an elderly widow," who "gave a check to a garage, believing there was sufficient money in her account to cover the check. The check bounced").

The government says we should not reach this issue because in its view the Estate waived the issue below. That may overstate matters, since in the district court the government did not reveal that it took the Estate's funds by means of the reclamation process set forth in § 3712. Yet the fact remains that the record on this issue is undeveloped here. We therefore choose not to reach it, though the Estate should be free to raise it in future litigation.

\*    \*    \*

We offer some final observations about our disposition of the case, which is to dismiss rather than remand it. None of the courts to consider this case—the state probate court, the district court, and now this court—have jurisdiction to revisit the Secretary's determination as to

the Estate's entitlement to benefits. In that circumstance a remand to state court would be pointless, and we should simply dismiss the case. *See, e.g., Evans v. Greenfield Banking Co.*, 774 F.3d 1117, 1123-24 (7th Cir. 2014) (affirming dismissal where the state court lacked jurisdiction under the Review Act). True, as our dissenting colleague points out, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" back to the state court. As a practical matter, however, that section plainly assumes that the state court actually has jurisdiction to decide the case. Moreover, as an interpretive matter, statutory text must always be read in context. *See, e.g., Utility Air Reg. Grp. v. EPA*, 134 S. Ct. 2427, 2442 (2014). Here the relevant context includes 38 U.S.C. § 511(a), which bars the state court from revisiting the Secretary's determination. And § 511(a) speaks to the state court's jurisdiction on that point much more specifically than does § 1447(a). Thus § 511(a) controls. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012); *Morton v. Mancari*, 417 U.S. 535, 550-51 (1974).

We therefore reverse the district court's remand order, and ourselves dismiss the case for lack of subject-matter jurisdiction. Given that disposition, the Estate's appeal of the district court's order denying its motion for attorneys' fees is moot.

————————————

**DISSENT**

————————————

CLAY, Circuit Judge, dissenting.  I agree with the majority that this case turns on a decision "affect[ing] the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans" and therefore 38 U.S.C. § 511(a) divested the district court of subject-matter jurisdiction.  I write separately, however, because I believe the district court was required to remand the case upon concluding that it lacked jurisdiction.  The removal statute's language is clear: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*."  28 U.S.C. § 1447(c) (emphasis added).  The statute nowhere gives district courts judicial authority to peer into the state court's own asserted basis for jurisdiction.  The majority asserts that § 1447(c) "plainly assumes that the state court actually has jurisdiction to decide the case."  To the contrary, that assumption has no basis in the text of the statute, itself; it says simply "the case *shall be remanded.*"  True enough, the statute provides that after remand "[t]he State court may thereupon proceed with such case," *id.*, but part of those proceedings will be (as in every case) for the state court to determine whether it has jurisdiction over the action.  And although the majority says that remand in this case would be "pointless," the Supreme Court has expressed reservations about applying a "futility exception" to § 1447(c):

> We also take note . . . of the literal words of § 1447(c), which, on their face, give . . . no discretion to dismiss rather than remand an action. . . . The statute declares that, where subject matter jurisdiction is lacking, the removed case "*shall be remanded.*"  28 U.S.C. § 1447(c) (emphasis added).  We therefore reverse the decision of the Court of Appeals and remand the case to the District Court with instructions that the case be remanded to the Civil District Court for the Parish of Orleans, Louisiana.

*Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (quotation marks and citation omitted).

The plain language of the statute is clear; indeed, it could not be clearer.  And "[i]f the language of the statute is clear, the court applies the statute as written."  *In re Corrin*, 849 F.3d 653, 657 (6th Cir. 2017).  Because this Court may reach the same conclusion as the district court for reasons different from those given by the district court, I would affirm on the alternative

ground that the district court was required to remand because § 511(a) divested it of jurisdiction. *See Soehnlen v. Fleet Owners Ins. Fund.*, 844 F.3d 576, 586 n.5 (6th Cir. 2016).